# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAMIEN WESTERLUND,

    Plaintiff

v.

DOUGLAS COUNTY SHERIFF'S OFFICE, et al.,

    Defendants

Case No.: 3:26-cv-00157-MMD-CSD

**Order**

Re: ECF Nos. 1, 1-1, 1-3

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1), a pro se complaint (ECF No. 1-1), and a motion to stay proceedings (ECF No. 1-3).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff sues multiple Defendants for events that occurred during his arrest. (ECF No. 1-1 at 2). Plaintiff sues (1) Douglas County Sheriff's Office; (2) Deputy Sheriff Tyree Holdridge; (3) Deputy Sheriff Richard Rodriguez; (4) Deputy Sheriff Keenan Copp; (5) Deputy Sheriff Sal Derosa; and (6) Deputy Sheriff Mark Brown. The complaint alleges the following facts.

On March 6, 2024, at around 9 p.m., Defendants seized Plaintiff, without probable cause, on private property. He was neither committing a crime nor acting suspiciously. During the arrest, Holdridge applied a "Life-Threatening strangulation technique" that totally restricted Plaintiff's airway, causing throat pain, and he nearly blacked out. Plaintiff claims he suffered

3

injuries including an overextended wrist and "clicks within the neck." Holdridge told the other officers that Plaintiff was being arrested for telling him to "f[] off." The $2,500 bail imposed following Plaintiff's arrest was excessive. (*Id.* at 2).

Plaintiff asserts that the defendants violated his rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. (*Id.* at 2-3).

1. Douglas County Sheriff's Office

A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995). Applying Federal Rule of Civil Procedure 17(b)[1], the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See e.g. Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nev. Rev. Stat. § 280.080; *id.* § 41.0305. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. § 41.031); *see also Wright v. City of Las Vegas,* 395 F. Supp. 2d 789, 794 (S.D. Iowa 2005);

---

[1] Rule 17(b) states that capacity to sue or be sued (other than for an individual or corporation) is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3).

*Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued).

If a plaintiff improperly names a city or county department that lacks capacity to be sued, the court may order the proper party (generally the county or city) be substituted into the case. *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015).

Thus, Douglas County Sheriff's Office lacks the capacity to be sued and must be dismissed.

Even assuming Plaintiff had named the correct entity -- Douglas County -- he has not stated any claim against it. A municipality, including a county, can be liable for the infringement of constitutional rights only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). A municipality may not be sued under a respondeat superior theory because it employed an alleged wrongdoer. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019). Rather, a municipality may be liable under § 1983 for "constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Id.* at 602-03. "To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (Gordon II) (internal quotation marks and citation omitted).

The complaint does not allege that Plaintiff's injuries were the result of a custom, policy, failure to train, supervise or discipline, or a decision or act by a final policymaker. The complaint may not therefore proceed against Douglas County. However, should Plaintiff believe he could

state a claim against the county, he will be granted leave to file an amended complaint naming the county and identifying the basis for its alleged liability.

### 2. Personal Participation

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]" *Id*. (citations omitted). In other words, the plaintiff "must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger*, 589 U.S. 928 (2019). "An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id*. (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

The complaint alleges no personal participation in any constitutional violation by Defendants Copp, DeRosa, or Brown. Those Defendants will therefore be dismissed without prejudice, with leave to amend.

### 3. First Amendment

Plaintiff asserts that Defendants violated his First Amendment right to free speech. Specifically, he alleges that the was arrested for telling Holdridge to "f[***] off."

To state a First Amendment retaliation claim, a plaintiff must plausibly allege that: (1) a state actor took adverse action against the plaintiff; (2) because of the plaintiff's protected conduct; (3) the adverse action chilled the plaintiff's exercise of First Amendment rights; and (4) the action did not reasonably advance a legitimate governmental objective. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The plaintiff must show "not only that the official acted

with a retaliatory motive and that the plaintiff was injured, but also that the motive was a 'but-for' cause of the injury." *Nieves v. Bartlett*, 587 U.S. 391, 391 (2019). In a First Amendment retaliatory arrest claim, plaintiffs must generally plead and prove the absence of probable cause. *Hartman v. Moore*, 547 U.S. 250, 251 (2006) (holding that the existence of probable cause suggests the arrest would have occurred regardless of retaliatory motive).

The complaint does not allege that Plaintiff was *arrested* without probable cause (it alleges only that he was *seized* without probable cause). And although it is not clear, Plaintiff's motion to stay suggests the possibility that Plaintiff was, at the time he filed the complaint at least, facing criminal charges arising out of the March 6, 2024, incident. If true, Plaintiff has failed to allege sufficient facts to state a plausible claim that he was in arrested without probable – such as, for example, explaining that the charges on which he was arrested have been dismissed or other facts.

If Plaintiff either was not charged in connection with the March 6, 2024, incident, or if there reasons he can identify  Plaintiff Plaintiff's First Amendment claim is therefore dismissed, without prejudice, with leave to amend.  "A civil claim that implicates the validity of pending criminal charges does not accrue until the charges, or subsequent conviction, have been invalidated. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (holding that Heck barred the plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him)." Hochstetter v. City of Los Angeles, No. 2:26-CV-01630-DOC-KS, 2026 WL 1772773, at *3 (C.D. Cal. May 7, 2026).

### 4. Ninth Amendment

The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*,

791 F.2d 744, 748 (9th Cir. 1986); *see also Bossart v. Cnty. of King*, No. 2:25-CV-00975-JNW, 2025 WL 2614110, at *2 (W.D. Wash. Sept. 10, 2025) ("This rule is well-established and forecloses any Section 1983 claim based solely on the Ninth Amendment."). Plaintiff's claims, to the extent they are asserted under the Ninth Amendment, must be dismissed.

### 5. Fifth Amendment

The Due Process Clause of the Fifth Amendment applies only to actions of the federal government—not to those of state or local governments. *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981). Plaintiff's allegations lie against state and local actors and thus, to the extent they are asserted under the Fifth Amendment, must be dismissed.

### 6. Eighth Amendment

#### a. Cruel and Unusual Punishment

Plaintiff alleges a violation of his Eighth Amendment right against cruel and unusual punishment.

The Eighth Amendment prohibition of cruel and unusual punishment was designed to protect those convicted of a crime. *Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners"); *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (Eighth Amendment applies to convicted prisoners (both inside and outside the walls of the prison)). Therefore, this claim must be dismissed.[2]

/ / /

---

[2] Plaintiff has separately raised a Fourth Amendment excessive force claim, so the contentions that he might have been intending to raise under the cruel and unusual punishment clause will be evaluated in connection therewith.

8

### b. Excessive Bail

Plaintiff also alleges a violation of the Eighth Amendment's prohibition against excessive bail. "[T]he Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. County of L.A.*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987)). The Ninth Circuit, following the Supreme Court, has assumed without deciding that the clause applies to states. *Id.* at 659.

To prevail on an excessive bail claim, the plaintiff must allege the bail was enhanced for purposes unauthorized by the law, or the bail conditions are excessive for the purpose of achieving "the valid state interests for which bail is intended to serve for a particular individual." *Id.* at 661. "The plain meaning of 'excessive bail' does not require that it be beyond one's means, only that it be greater than necessary to achieve the purposes for which bail is imposed." *Id.* (citing *Salerno*, 481 U.S. at 754; *Jennings v. Abrams*, 565 F. Supp. 137, 138 (S.D.N.Y. 1983)).

A pretrial detainee's excessive bail claim challenging the lawfulness of his current detention generally states a habeas claim, but that claim becomes moot once he has been convicted. *See Condon v. Carlin*, 2016 WL 2977243, at *3 (D. Idaho May 20, 2016). "After conviction, a claim for past unlawful imprisonment or excessive bail is a civil rights claim for which money damages may be sought, not a habeas corpus claim that affects the fact or duration of [the inmate's] present confinement." *Id.*

To begin, the complaint does not identify whether Plaintiff is in pretrial detention, whether he has been convicted, or whether he has been released on pretrial detention, making it impossible to determine whether he has stated a § 1983 claim or whether the claim he presents is one that must be asserted in a habeas petition.

9

However, even if procedurally Plaintiff were able to pursue his claim under § 1983, he has not alleged sufficient facts to state a claim. Under Nev. Rev. Stat. § 178.484, a person arrested for an offense other than first degree murder must be admitted to bail. *Id.* § 178.484(1). Nev. Rev. Stat. § 178.4853 requires the court to consider a number of factors in determining whether or not to release a pretrial detainee on bail or not. Plaintiff does not allege that his bail was enhanced for an improper purpose or was excessive in light of the purpose for which it was set.

Finally, it is the court – and not law enforcement officers – that sets bail.  The Ninth Circuit has held that law enforcement officers can only be liable for alleged excessive bail "if they prevented the [judge] from exercising his independent judgment." *Galen*, 477 F.3d at 663. This is because "a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision[.]" *Id.* (citations omitted).

Thus, a plaintiff must demonstrate that the law enforcement officer "deliberately or recklessly misled the [judge], and that his bail would not have been unconstitutionally excessive but for the officer's misrepresentations." *Id.* at 664 (citation omitted). Plaintiff has not alleged any facts to indicate that any named defendant misled the court to impose excessive bail.

Accordingly, Plaintiff has failed to state an excessive bail claim, and that claim will be dismissed without prejudice, with leave to amend.

7. Fourteenth Amendment

Plaintiff asserts that his due process rights to be free from unreasonable force and deprivation of liberty without due process were violated.

10

Plaintiff's claim of unreasonable force and deprivation of liberty without due process are both properly evaluated under the Fourth, not the Fourteenth, Amendment. *Graham*, 490 U.S. at 395. Plaintiff's Fourteenth Amendment claim, to the extent it is based on unreasonable force and deprivation of liberty, will be dismissed.

8. Fourth Amendment

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. As noted above, Plaintiff's claims of search and seizure of his person, seizure of his property, and excessive force are all properly evaluated under the Fourth Amendment.

a. Seizure of Person

The Fourth Amendment is violated when a person is unreasonably seized. *Graham,* 490 U.S. at 395-96; *see also Brower v. Cnty. of Inyo,* 489 U.S. 593, 595-600 (1989). In general, "every arrest, and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause." *Michigan v. Summers*, 452 U.S. 692, 700 (1981). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

However, even in the absence of probable cause, officers may stop and briefly detain a person for investigative purposes if they have "a reasonable suspicion supported by articulable facts for suspected criminal activity." *Terry v. Ohio,* 392 U.S. 1, 30 (1968). "The officer, of course, must be able to articulate something more than an inchoate and unparticularized

11

suspicion or hunch." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation marks and citation omitted).

Plaintiff alleges that Defendants unlawfully and without probable cause seized him, and that he was not committing a crime or acting suspiciously when they did so.

While Plaintiff might be able to state a claim for unreasonable search and seizure, the complaint at this juncture lacks sufficient facts to find a plausibly alleged claim. There is no explanation as to what Plaintiff was doing when he was stopped by the officers, what the officers claimed to be stopping him for, or why he was – evidently – placed under arrest and transported to the station. There is no sequence of events, which means it is unclear whether Plaintiff alleges that he was immediately arrested or whether the interaction began as a *Terry* stop before turning into an arrest. Also, the fact that Plaintiff was arrested and bail imposed raises the question of whether Plaintiff is currently facing any state charges arising out of the events about which he complains, and, if so, what those charges might be.[3] All of these facts are essential to evaluating whether Plaintiff has stated a colorable Fourth Amendment search and seizure claim that may proceed in this action.

Accordingly, Plaintiff's claim of a Fourth Amendment violation based on the seizure of his person will be dismissed without prejudice, with leave to amend.

### b. Excessive Force

Claims of excessive force during an arrest also apply an objective reasonableness standard. *Graham*, 490 U.S. at 395.

---

[3] Plaintiff has filed a motion to stay proceedings on the grounds that he is awaiting the result of "related state court proceedings," which certainly suggests he is facing charges arising out of this incident, but because the "related state court proceedings" could be anything, the court cannot reasonably infer as much at this point.

> In assessing the objective reasonableness of a particular use of force, [the court] consider[s]: (1) "the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted," (2) "the government's interest in the use of force," and (3) the balance between "the gravity of the intrusion on the individual" and "the government's need for that intrusion.

*Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017); *see also Bryan v. MacPherson*, 630 F.3d 805, 823–24 (9th Cir. 2010) ("Stated another way, we must 'balance the amount of force applied against the need for that force.'").

This inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 395 (citation omitted). The most important is "whether the subject posed an 'immediate threat to the safety of the officers or others.'" *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc)).

These factors are not exhaustive, and courts are "to examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case[.]'" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). Courts conduct their evaluation of reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citation omitted).

"'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' ... violates the Fourth Amendment." *Id*. (citation omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make

split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

Plaintiff comes close to stating a colorable excessive force claim, alleging as he does a significant amount of force. However, there is an absence of facts relating to the *need for the use of force* – such as whether Plaintiff was (or was not) resisting arrest or otherwise posed a danger to the officers. Absent that factual predicate, the court cannot conclude that Plaintiff has stated a plausible excessive force claim at this time. The claim will be dismissed without prejudice, and Plaintiff will be granted leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(4) The Clerk shall **SEND** Plaintiff the form and instructions for a civil rights complaint by a non-prisoner.

(5) Plaintiff has **30 DAYS** from the date of this Order to file a first amended complaint curing the deficiencies noted above. The first amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall include this case number and "First Amended Complaint" in the caption of the complaint. If Plaintiff fails to file an amended complaint within 30 days, the court may recommend to the District Judge that this action be dismissed.

14

(6) The court will defer a recommendation on the motion to stay (ECF No. 1-3) pending screening of any amended complaint.

(7) In accordance with Plaintiff's request (ECF No. 7), the Clerk shall **SEND** Plaintiff a copy of the advisory letter issued on March 6, 2026, and all future filings to Plaintiff at his physical address 15050 Pinion Drive, Reno, Nevada 89521.

**IT IS SO ORDERED**.

Dated: July 6, 2026

_____
Craig S. Denney
United States Magistrate Judge

15