UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAMIEN WESTERLUND,<br><br>Plaintiff,<br>v.<br><br>DOUGLAS COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00157-MMD-CSD<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Damien Westerlund brings this civil rights action under 42 U.S.C. § 1983, arising from events that took place while Plaintiff was being arrested. Plaintiff filed a complaint against Defendants[1] (ECF No. 1-1), an application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and a motion to stay (ECF No. 1-3 ("Motion")). Judge Denney screened the complaint (ECF No. 8) and gave Plaintiff leave to file an amended complaint. Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 11 ("R&R")), screening Plaintiff's First Amended Complaint (ECF No. 10 ("FAC")) and recommending that the Court dismiss it in part and allow it to proceed in part. (ECF No. 11 at 1.) Plaintiff had until October 9, 2026 to object to the R&R. To date, no objection has been filed. For that reason, and as further explained below, the Court will adopt the R&R in full.

///

[1]Plaintiff alleges claims for First, Fourth, Eighth, and Ninth Amendment violations as well as claims for sexual assault, "conspiring violations," and duty to intervene. (ECF No. 10 at 2-5.) Defendants include: Douglas County, Deputy Sheriff Tyree Holdridge, Deputy Sheriff Richard Rodriguez, Deputy Sheriff Keenan Copp, Deputy Sheriff Salvatore DeRosa, and Deputy Sheriff Mark Brown. (*Id.* at 1.) This Order refers to individual defendants by their last name.

## II. DISCUSSION

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). The Court addresses each of Judge Denney's recommendations in turn.

Judge Denney recommends dismissing Plaintiff's Fourth Amendment unlawful seizure claim against Holdridge and Copp because he fails to state a colorable claim that he was arrested without probable cause. (ECF No. 11 at 6.) Instead, as Judge Denney points out, Plaintiff's factual allegations demonstrate that his physical efforts to resist arrest gave the officers probable cause. (*Id.*) Because additional allegations would not cure this defect, the Court agrees with Judge Denney that dismissal is appropriate. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (finding leave to amend is appropriate "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

Judge Denney also recommends allowing Plaintiff to proceed with a Fourth Amendment excessive force claim against Holdridge and Copp because Plaintiff sufficiently alleges Defendants slammed Plaintiff to the ground and used dangerous strangulation techniques during his arrest. (*Id.* at 8.) Additionally, Plaintiff separately alleged that DeRosa engaged in excessive force when he "violently" swiped away Copp's hat, which fell on Plaintiff's back during the arrest. (*Id.*) Judge Denney recommends dismissing this claim against DeRosa with leave to amend because Plaintiff fails to allege facts showing a "meaningfully intrusive use of force." (*Id.*) The Court agrees with both recommendations on the excessive force claims.

///

///

///

Judge Denney recommends dismissing Plaintiff's sexual assault claim against Copp because his action does not rise to sexual assault under Nevada law.[2] (*Id.* at 9.) However, Judge Denney finds Plaintiff could instead assert a claim for battery.[3] (*Id.*) The Court agrees and adopts Judge Denney's recommendation to allow Plaintiff to proceed on a claim for battery against Copp.

Plaintiff alleged Copp, DeRosa, Rodriguez, and Brown violated a duty to intervene because they failed to investigate the unlawful conduct by Holdridge and Copp. (ECF No. 10 at 3-6.) Judge Denney recommends allowing the duty to intervene claim to proceed against Copp and DeRosa, but dismissing with leave to amend the claims against Rodriguez and Brown because Plaintiff's allegations against them are vague and conclusory. (ECF No. 11 at 10.) The Court agrees.

Judge Denney recommends dismissing with prejudice Plaintiff's First Amendment retaliatory arrest claim against Holdridge[4] because Plaintiff failed to allege lack of probable cause, which is a necessary element for a retaliation claim. (*Id.* at 10-11.) The Court agrees and adopts Judge Denney's recommendation.

Judge Denney recommends dismissing Plaintiff's Eighth Amendment cruel and unusual punishment claim against Holdridge because it only applies to convicted prisoners, and Plaintiff was never convicted of a crime. (*Id.* at 11.) The Court agrees.

Plaintiff asserts First Amendment, Fourth Amendment, Eighth Amendment, Ninth Amendment claims as well as "conspiring violations" and duty to intervene claims against

---

[2]Under Nevada law, sexual assault requires physical penetration. NRS § 200.366(1). Plaintiff only alleged that Copp groped his genitals during the search. (ECF No. 11 at 5.)

[3]Under Nevada law, battery is defined as "any willful and unlawful use of force or violence upon the person of another." NRS § 200.481(1)(a).

[4]Judge Denney recommends dismissal of Plaintiff's First Amendment retaliatory arrest claim (ECF No. 11 at 10-11), but Plaintiff only alleges that Holdridge engaged in retaliatory arrest (ECF No. 10 at 4). Plaintiff alleges First Amendment violations by Holdridge, Copp, and Douglas County. (ECF No. 10 at 3-5.) However, Plaintiff's First Amendment claim against Douglas County focuses on its failure to intervene and his First Amendment claim against Copp alleges Copp unlawfully stopped Plaintiff's recording of the arrest. (*Id.*)

Douglas County. (*Id.* at 11-14.) The Court agrees with each of the following recommendations. On the First Amendment claim, Judge Denney recommends dismissal with leave to amend because Plaintiff presently fails to identify any municipal policy or custom that contributed to Douglas County's prosecution of him.[5] (*Id.* at 12.) Next, Judge Denney recommends dismissing with leave to amend the Fourth Amendment unlawful seizure claim because Plaintiff's allegations are vague and conclusory. (*Id.*) Judge Denney then recommends dismissing with leave to amend Plaintiff's Eighth Amendment excessive bail claim against Douglas County because, though he fails to allege the necessary elements of an excessive bail claim,[6] Plaintiff is raising it for the first time in the FAC. (*Id.* at 13.) Judge Denney also recommends dismissing the Ninth Amendment claim with prejudice because the Ninth Amendment does not create a constitutional right of action. (*Id.* at 14.) Lastly, Judge Denney recommends dismissing with leave to amend Plaintiff's "conspiring violations" and duty to intervene claims against Douglas County because Plaintiff raises these claims for the first time in his FAC. (*Id.* at 14.) The Court thus adopts Judge Denney's recommendations on all of Plaintiff's claims against Douglas County.

Finally, Judge Denney recommends denying Plaintiff's Motion to Stay because Plaintiff has had sufficient time (two years) to research federal law, his request for discovery is premature, and he has failed to adequately demonstrate how resolution of

[5]To assert municipal liability under section 1983, a plaintiff must show: "(1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

[6]To prevail on an Eighth Amendment excessive bail claim, a plaintiff must demonstrate that the bail was enhanced for purposes unauthorized by law or the bail conditions were excessive for the purpose of achieving "valid state interests." *See Galen v. Cnty. of L.A.*, 477 F.3d 652, 661 (9th Cir. 2007). Law enforcement officers are only liable for excessive bail charges if they "prevented the [judge] from exercising his independent judgment." *Id.* at 663. A plaintiff must also show that the law enforcement officer "deliberately or recklessly misled the [judge], and that his bail would not have been unconstitutionally excessive but for the officer's misrepresentations." *Id.* at 664.

state proceedings would impact his case. (*Id.* at 15.) The Court agrees and accordingly denies the Motion.

## III. CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 11) is adopted in full.

The Court thus permits Plaintiff to proceed on the following claims from his First Amended Complaint: (1) the Fourth Amendment excessive force claim against Holdridge and Copp, (2) the battery claim against Copp, and (3) the failure to intervene claim against Copp and DeRosa.

The Court also dismisses with leave to amend the following claims from the First Amended Complaint: (1) the Fourth Amendment excessive force claim against DeRosa, (2) the duty to intervene claim against Rodriguez and Brown, (3) the First Amendment claim against Douglas County, (4) the Fourth Amendment unlawful seizure claim against Douglas County, (5) the Eighth Amendment excessive bail claim against Douglas County, (6) the "conspiring violations" claim against Douglas County, and (7) the duty to intervene claim against Douglas County. If Plaintiff wishes to file a second amended complaint to cure the deficiencies of these claims, Plaintiff must file a second amended complaint within 30 days from the date of this Order. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. The complaint should be captioned "Second Amended Complaint" and list this case number. If Plaintiff fails to timely file a second amended complaint, this case will proceed on the three claims identified above.

The Court dismisses the following claims with prejudice: (1) the Fourth Amendment unlawful seizure claim against Holdridge and Copp, (2) the First Amendment retaliatory arrest claims against Holdridge and Copp, (3) the Eighth Amendment cruel and unusual punishment claim against Holdridge, and (4) the Ninth Amendment claim against Douglas

County.

The Clerk of Court is instructed to send Plaintiff the instructions and form for filing a civil rights complaint.

It is further ordered that Plaintiff's Motion to Stay (ECF No. 1-3) is denied.

DATED THIS 21st Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE